## DI CRISTINO v. NAPOLITANO.
### No. 14056.

Court of Appeal of Louisiana. Orleans.
May 30, 1932.

Theo. Cotonio, Jr., and Theo. Cotonio, Sr., both of New Orleans, for appellant.

Eberle & Shaw and F. P. Lucia, all of New Orleans, for appellee.

JANVIER, J.

Plaintiff, a tile and plumbing contractor, sues for $105, alleged to be the balance due for furnishing and installing certain bathroom plumbing and tiles in the residence of defendant. Defendant admits that there was a contract under which the said work was done, but denies that there is any balance due thereon, and, by reconventional demand, asserts that plaintiff is indebted to him because of the defective manner in which the bathroom tiles were installed. In the original reconventional demand it is asserted that the cost of correcting the defects in the tile work would be $182, and this sum is claimed. In a supplemental answer and reconventional demand plaintiff in reconvention claims $450 as the estimated cost of making the necessary corrections in the defective tile work, claiming that in the original reconventional demand the figure $182 was arrived at without taking into consideration the necessity for reconstructing the floor, or correcting defects therein.

In the court below judgment was rendered dismissing plaintiff's claim and, on the reconventional demand, in favor of plaintiff in reconvention for $50.

It is very evident that the tiles were not installed in a workmanlike manner. Plaintiff himself admits that there were certain defects which he claims could be corrected for a sum approximating .$5. The first expert placed on the stand to testify on behalf of plaintiff admitted that there were certain irregularities and discolorations in the tile work and, on direct examination, stated that these could be corrected for approximately twenty or twenty-five dollars. Later, on cross-examination, he increased his estimate to forty or fifty dollars. Another expert produced by plaintiff also testified that there were defects in the work, apparently believing that they were somewhat more serious. He estimated that the cost of making the necessary repairs would be $185.

The first expert placed on the stand in behalf of defendant and plaintiff in reconvention stated that the defects were quite serious and that they could only be corrected by the expenditure of $367. Still another expert produced by the defendant found the irregularities, imperfections, and discolorations even greater than did all of the others, and estimated that to make the necessary alterations would require the expenditure of $450.

All of the experts admit that the tiles purchased had come from one of the outstanding manufacturers and that the work, if done according to contract, would have produced the highest type of bathroom finish. In view of the fact that the defendant contemplated obtaining a bathroom of that kind, it would not be fair to hold that he should accept the

work as tendered him, even with the minor corrections which plaintiff admits should be made. He is entitled to the kind of workmanship and material contemplated by the contract. Since this can only be obtained by the removal of the work done and the installation of new work, and since it is evident that this cannot be done for less than $367, which is the lower of the two estimates furnished him, we believe that he is entitled to a judgment for that amount. His counsel admits, however, that there is a balance due on the original contract of $55 and this should be deducted from the amount of the judgment awarded him.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended, and that there be now judgment in favor of defendant and plaintiff in reconvention in the sum of $367, subject to a credit of $55, with legal interest on $312 from judicial demand and for all costs.

Amended and affirmed.